UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23195-CV-COOKE
MAGISTRATE JUDGE REID

TERRANCE MCCRAY,

    Plaintiff,

v.

CITY OF HOMESTEAD,
*et al.,*

    Defendants.
_____/

### REPORT OF MAGISTRATE JUDGE RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 55] AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF 59]

### I. Introduction and Pertinent Procedural History

Plaintiff, **Terrance McCray,** filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. [ECF 1]. Procedurally, after Plaintiff was granted pauper status, the Complaint was screened, in accordance with the Prison Litigation Reform Act ("PLRA"), a Report was entered recommending that the case proceed on Plaintiff's claims of unlawful use of force by Defendant Officer Fuste. [ECF No. 7].

1

The Defendant has filed a motion for judgment on the pleadings [ECF No. 55] and a motion for summary judgment [ECF No. 59]. In the motion for judgment on the pleadings, Defendant argues that Plaintiff has incorrectly presented an Eighth Amendment claim rather than a Fourth Amendment claim as construed by the court. [ECF No. 55]. Defendant argues that the court improperly recharacterized the claim. [*Id.*].

In the motion for summary judgment Defendant argues he is entitled to judgment as a matter of law because (1) he is entitled to qualified immunity because he did not violate the Fourth Amendment; (2) he is entitled to qualified immunity because he did not violate any clearly established law; and (3) Plaintiff's claim is barred by the *Heck* doctrine. [ECF No. 59]. For the reasons discussed below, the Defendants' motion for summary judgment should be GRANTED.

The case was previously referred to the undersigned for the issuance of reports and recommendations on all dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-2.

For its review, the court has considered the Defendant's Motion for Judgment on the Pleadings [ECF No. 55], Plaintiff's response [ECF No. 66], Defendant's Motion for Summary Judgment [ECF No. 59],[1] the Plaintiff's response to the Motion

---

[1] Including the statement of material facts and attached documents. [ECF No. 56].

[ECF No. 72], the Plaintiff's response to the statement of uncontroverted material facts [ECF No. 70], and the Defendant's reply [ECF No. 74]. The court has also reviewed the attachments and exhibits submitted by the parties.

**II. Motion for Judgment on the Pleadings**

In the motion for judgment on the pleadings Defendant takes issue with the court's recharacterization of Plaintiff's excessive use of force claim as a Fourth Amendment claim. He argues that the Plaintiff's characterization of this claim as an Eighth Amendment claim should stand and therefore the complaint should be dismissed because there is no Eighth Amendment protection from the use of excessive force during an arrest.

It is without question that *pro se* prisoner pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972). Here there is no doubt, as recognized by Defendant that Plaintiff simply mischaracterized his claim as one seeking relief under the Eighth Amendment rather that the Fourth Amendment. Plaintiff in his response has acknowledged that he mischaracterized his claim as an Eighth Amendment claim. but points out that the court construed the claim as a Fourth Amendment excessive use of force claim. The court, construing the claim liberally, permitted this Fourth Amendment claim to go forward. Although Defendant is technically correct that Plaintiff has not stated a

3

claim under the Eighth Amendment, the court has already permitted the claim to proceed under the Fourth Amendment. As any dismissal of this claim would be without prejudice to file an amended complaint, it would be a waste of judicial resources at this point to dismiss the complaint. The motion for judgment on the pleadings should be denied.

### III.     Summary Judgment

#### A. Applicable Standard of Review

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Grayson v. Warden, Comm'r, Ala. Dep't of Corr.,* 869 F.3d 1204, 1220 (11th Cir. 2017)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). In reviewing a motion for summary judgment, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcon v. Mail Centers Plus, LLC,* 843 F.3d 1295, 1304 (11th Cir. 2016)(quoting *FindWhat Investor Grp. v. FindWhat.com,* 658 F.3d 1282, 1307 (11th Cir. 2011)). Thus, a district court "'may not weigh conflicting evidence or make credibility determinations'" when reviewing a motion for summary judgment. *Jones*

*v. UPS Ground Freight,* 683 F.3d 1283, 1292 (11th Cir. 2012)(citing *FindWhat Investor Grp.,* 658 F.3d at 1307). As such, where the facts specifically averred by the non-moving party contradict facts specifically averred by the movant, the motion must be denied, assuming those facts involve a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

Because summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" *Great Am. All. Ins. Co. v. Anderson,* 847 F.3d 1327, 1331 (11th Cir. 2017)(quoting *Fed. R. Civ. P.* 56(a)), the moving party necessarily carries the burden. *Great Am. All. Ins. Co.,* 847 F.3d at 1331 (relying upon *Celotex,* 477 U.S. at 323). In meeting that burden, nonmoving parties may rely on materials enumerated in Fed. R. Civ. P. 56(c), meaning there are some materials that may be relied upon to avoid summary judgment even though they would not be admissible at trial. *Owen v. Wille,* 117 F.3d 1235, 1236 (11th Cir. 1997)(quoting *Celotex,* 477 U.S. at 324).

Issues are genuine if there is sufficient evidence for a reasonable jury to return a verdict for either party. *Great Am. All. Ins. Co.,* 847 F.3d at 1331 (relying upon *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In a similar vein, "an issue is material if it may affect the outcome of the suit under governing law." *Great Am. All. Ins. Co.,* 847 F.3d at 1331 (relying upon *Anderson,* 477 U.S. at 248). However, a "mere scintilla of evidence" is insufficient "to create a genuine issue of material fact." *See Hinson v. Bias,* 927 F.3d 1103, 1116 (11th Cir. 2019)(quoting *Anderson,* 477 U.S. at 252). Instead, "the nonmoving party must present enough evidence to allow a jury to reasonably find in its favor." *Hinson,* 927 F.3d at 1116. The evidence must be sufficient "to allow a jury to reasonably find in its favor." *Hinson,* 927 F.3d at 1116 (citing *Anderson,* 477 U.S. at 252").

When ruling on a motion for summary judgment, courts must consider any "specific facts" pled in the Plaintiff's sworn complaint, based on personal knowledge, and executed under penalty of perjury, in opposition to summary judgment; or, a sworn response to a summary judgment motion as "testimony." *See* Fla. R. Civ. P. 56(e); *Caldwell,* 748 F.3d at 1098; *Sears v. Roberts,* 922 F.3d 1199, 1206 (11th Cir. 2019)(citing *United States v. Stein,* 881 F.3d 853, 857 (11th Cir. 2018)(*en banc*)("[O]ur cases correctly explain that a litigant's self-serving statements based on personal knowledge or observation can defeat summary

6

judgment.") and *Barker v. Norman,* 651 F.2d 1107, 1115 (5th Cir. Unit A 1981)(stating that a verified complaint serves as the equivalent of an affidavit for purposes of summary judgment)). No separate affidavit needs to be filed by the *pro se* prisoner where the facts alleged in the inmate's sworn complaint are not conclusory in nature. *Sammons v. Taylor,* 967 F.2d 1533 n.5 (11th Cir. 1992). However, unsworn statements may not be considered in evaluating a summary judgment motion. *Sharma v. Johnston,* 515 F. App'x 818, 819 (11th Cir. Apr. 4, 2013)(*per curiam*)(unpub.)(citing *Carr v. Tatangelo,* 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003)).

At this stage, the evidence and all reasonable inferences from the evidence are viewed in the light most favorable to the Plaintiff, as the nonmovant, but those inferences are drawn "only 'to the extent supportable by the record.'" *Penley v. Eslinger,* 605 F.3d 843, 848 (11th Cir. 2010)(quoting *Scott v. Harris,* 550 U.S. at 381, n.8).

### B. Fourth Amendment Unlawful Use of Force

Plaintiff alleges the named Defendant used excessive force during the course of his arrest. The Fourth Amendment's freedom from unreasonable searches and seizures includes the right to be free from the use of excessive force in the course of an arrest. *See Stephens v. DeGiovanni,* 852 F.3d 1298, 1314-15 (11th Cir. 2017)

(citing *Hadley v. Gutierrez,* 526 F.3d 1324, 1329 (11th Cir. 2008)). To prevail on an excessive force claim under the Fourth Amendment, Plaintiff must demonstrate that (1) a seizure occurred and (2) that the force used during that seizure was unreasonable. *See Reed v. Clough,* 694 F. App'x 716, 724 (11th Cir. Jun. 2, 2017)(*per curiam*)(unpub.)(citing *Troupe v. Sarasota Cty.,* 419 F.3d 1160, 1166 (11th Cir. 2005)). "A seizure occurs when an officer 'by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *Reed v. Clough,* 694 F. App'x at 724 (quoting *California v. Hodari D.,* 499 U.S. 621, 625 (1991)).

The test for determining reasonableness is an objective one. *See Graham v. Connor,* 490 U.S. 386, 396 (1989). The "use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *See Gomez v. United States,* 601 F. App'x 841, 849 (11th Cir. Feb. 11, 2015)(quoting *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1559 (11th Cir. 1993)(quotation marks omitted), *modified on other grounds,* 14 F.3d 583 (11th Cir. 1994)).

"Determining whether the force used to effect a particular seizure was reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against

the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396. This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Bauer,* 503 F. App'x 858, 861 (11th Cir. Jan. 14, 2013)(unpub.)(quoting *Graham,* 490 U.S. at 396). The Supreme Court has recognized, however, "that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *See Graham,* 490 U.S. at 396.

The Eleventh Circuit has further explained that "the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Williams v. Bauer,* 503 F. App'x 858, 861 (11th Cir. Jan. 14, 2013)(*per curiam*)(unpub.)(quoting *Lee v. Ferraro,* 284 F.3d 1188, 1198 (11th Cir. 2002)).

**C. Qualified Immunity**

The Defendant alleges he is entitled to qualified immunity. The defense "is founded on the presumption governmental officials know and respect 'basic, unquestioned constitutional rights,' measured by clearly established law." *See*

9

*Stephens*, 852 F.2d at 1314 (11th Cir. 2017)(citing *Harlow* 457 U.S. at 815). The defense "shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *See Stephens,* 852 F.3d at 1314 (quoting *Hadley,* 526 F.3d at 1329).

For the defense to apply, "a government official first must show that he was performing a discretionary function at the time the alleged violation of federal law occurred." *See Glover,* 225 F. App'x at 784 (citing *Crosby v. Monroe Cty.,* 394 F.3d 1328, 1332 (11th Cir. 2004)). The constitutional right must be sufficiently clear for a reasonable official to understand what he or she is doing violates that right. *Glover,* 225 F. App'x at 784 (citing *Crosby,* 394 F.3d at 1332); *Hope v. Pelzer,* 536 U.S. 730, 739 (2002).

Once this showing has been made, the burden shifts to the Plaintiff to demonstrate that: "(1) the facts show that the defendants violated a constitutional right, and (2) the right was clearly established at the time of the defendants' alleged misconduct." *See Stone v. Hendry,* 785 F. App'x 763, *3 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)); *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). The focus is thus on whether the law on the date of the excessive force in question gave the officials "fair warning that their alleged treatment of [the plaintiff] was

10

unconstitutional." *See Stephens,* 852 F.3d at 1314 (citing *Hope,* 536 U.S. at 741). "The basic constitutional law governing excessive force in arrest situations was well established" before Plaintiff's arrest. *See Stephens,* 852 F.3d at 1314.

### D. Facts Alleged in Complaint

The plaintiff alleges that on May 25, 2015 he was arrested by Defendant Fuste along with several other officers. [ECF No. 1 at 2]. Plaintiff was initially stopped by Officer Perez for driving without his headlights. [*Id*.]. After Perez obtained Plaintiff's license and registration, he learned that Plaintiff had an outstanding warrant for domestic violence. [*Id*.]. Perez asked Plaintiff to get out of the car. [*Id*.]. Officer Fuste and Officer Simmons were on the passenger side of Plaintiff's car when Plaintiff got out of the car. [*Id.* at 1]. Plaintiff initially ran, but then complied with Officer Morris's order to get on the ground. [*Id*. at 2]. Plaintiff alleges that he was cooperative during his arrest and did not resist after his initial flight from the officers. [*Id*.]. Plaintiff alleges that one of the officers had a foot on his face and Defendant Fuste had his knee in Plaintiff's back. [*Id*.]. According to Plaintiff, Officer Fuste stated, "I ought to taser you." [*Id*.]. When Plaintiff asked why, Defendant Fuste

11

said "shut up," and shot Plaintiff with the taser gun. [*Id*.].The plaintiff was taken to the hospital before being transported to jail. [*Id*.].

Plaintiff contends that Officer Fuste's use of the taser caused him severe physical pain and suffering. He also claims he suffered fear, apprehension and other mental and emotional injuries.

### E. Defendant's Facts

Defendant has provided a statement of material facts [ECF No. 56] supported by sworn declarations, affidavits, transcripts of a probation violation hearing and police records to rebut Plaintiff's allegations that he used the taser after Plaintiff was handcuffed. [ECF Nos. 56-1 through 56-19]. Defendant contends that he used the taser because Plaintiff was actively resisting arrest. [ECF No. 56-4 at 2].

According to Defendant, Plaintiff, who was on probation from a prior case, was stopped by Officer Raul Perez. [ECF No. 56 at 1-2]. While Plaintiff was stopped, Defendant and Officer Simmons arrived as back-up. [*Id*. at 2]. The three officers learned that Plaintiff was wanted for a prior domestic violence incident. [*Id*.]. When Officer Perez asked Plaintiff to step out of his vehicle, Plaintiff stepped out and took off running. [*Id*.]. Plaintiff pushed Officer Perez as he ran away. [*Id*.]. The three officers chased Plaintiff. [*Id*.]. Two other officers, Pearce and Morris, responded to assist in apprehending Plaintiff. [*Id*.]. Officer Morris blocked

Plaintiff's path with his car to stop Plaintiff from running. [*Id*.]. Morris had difficulty restraining Plaintiff and redirected him to the ground with a leg sweep. [*Id*. at 3]. Plaintiff refused to comply with Morris and Pearce's instructions to place his hands behind his back and stop resisting. [*Id*.]. Plaintiff was not in handcuffs when Defendant observed Plaintiff's active physical resistance and warned Plaintiff he was going to use his taser. [*Id*.]. Plaintiff was actively resisting arrest by refusing to place his hands behind his back, tensing up, and rolling around on the ground. [*Id*. at 4]. Before Plaintiff was handcuffed, Defendant deployed his taser, one probe struck Plaintiff's back and the other probe hit the ground. [*Id*. at 3]]. Because there was no completed circuit no electrical charge was delivered. [*Id*.]. Plaintiff was transported to Homestead Hospital. [*Id*. at 4]. Plaintiff did not report any pain or injuries caused by the taser probe. [*Id*.].

As a result of the incident, Plaintiff's probation officer filed an affidavit of probation violation. [*Id*.]. An evidentiary hearing was conducted on the alleged violation of probation. [*Id*. at 5]. At the hearing Officer Morris testified that Plaintiff actively resisted arrest by tensing up. [*Id*.]. Officer Morris further testified that Defendant arrived and deployed his taser while Plaintiff was actively resisting being handcuffed. [*Id*.]. Plaintiff testified at the hearing that he *thought* he was handcuffed when he was tased. [*Id*.]. The state court found that Plaintiff had violated his

13

probation by committing the offense of resisting an officer without violence and possession of cannabis. [*Id.*].

### F. Plaintiff's Reply to Statement of Material Facts

Plaintiff has filed a statement of disputed factual issues [ECF No. 67], a reply to Defendant's statement of material facts [ECF No. 68], and an amended reply to Defendant's statement of material facts [ECF No. 70]. The Plaintiff has attached a sworn declaration along with multiple exhibits. [ECF Nos. 71, 73, 77, 78].

In summary, Plaintiff has contested a number of Defendant's facts, but the only material fact contested is whether Plaintiff was handcuffed and no longer resisting at the time Defendant used his taser. Plaintiff has acknowledged that the taser did not deliver an electric shock. [ECF No. 56 ¶24; ECF No. 75 ¶24].

## IV.   Discussion

### A. Facts in Light Most Favorable to Plaintiff

On May 15, 2015, Plaintiff was stopped by Officer Perez for a traffic violation. During the stop, Officer Perez discovered that Plaintiff had an outstanding pick up order. When Officer Perez asked Plaintiff to step out of his vehicle Plaintiff inquired why but then got out and ran from Officer Perez. Two other officers, including the Defendant, pursued Plaintiff to a nearby parking lot. Officer Morris pursued Plaintiff in his vehicle. Officer Morris ordered Plaintiff to stop and show his

hands. Plaintiff complied with this order. Morris exited his vehicle and told Plaintiff to put his hands on the hood of the car. When Defendant arrived, Plaintiff was on the ground being handcuffed. In the course of detaining Plaintiff, Defendant yelled "taser" and deployed his taser striking Plaintiff with one prong of the taser. Because only one prong of the taser struck Plaintiff there was no completed circuit and no electrical charge was administered. Plaintiff was already handcuffed at the time Defendant deployed the taser.

## B. *Heck*[2] Doctrine

Defendant's argument that Plaintiff's claim should be dismissed under the *Heck* doctrine has no merit. After *Heck*, a plaintiff may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff in the § 1983 action would "necessarily imply the invalidity of his conviction." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Here, the fact that Plaintiff was found guilty of resisting the officers without violence, would not necessarily preclude a claim that the amount of force used was unreasonable under the Fourth Amendment. Therefore, the *Heck* doctrine does not bar this lawsuit.

---

[2] *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994)

15

### C. Qualified Immunity Defense

Plaintiff and Defendant offer two opposing version of facts. Plaintiff alleges that he was not resisting at the time Defendant deployed the taser. He alleges that he had been handcuffed and was under the control of the arresting officer. Defendant, however, argues that Plaintiff was continuing to struggle and had not yet been handcuffed.

The court must view the facts and draw all reasonable inferences in favor of the non-moving party at the summary judgment stage. *See Hinson v. Bias,* 927 F.3d 1103, 1118 (11th Cir. 2019)(citing *Glasscox v. City of Argo,* 903 F.3d 1207, 1212 (11th Cir. 2018)). In a qualified immunity case, the court adopts the non-moving Plaintiff's version of facts as true. *Hinson,* 927 F.3d at 1118 (citing *Beshers v. Harrison,* 495 F.3d 1260, 1262 n. 1 (11th Cir. 2007)(citing *Scott v. Harris,* 550 U.S. 372 (2007)).

When a Plaintiff cannot rebut an officer's version of facts, the record must be examined to determine if the officer's story is "internally consistent and consistent with other known facts." *See Hinson,* 927 F.3d at 1118 (citing *Flythe v. Dist. of Columbia,* 791 F.3d 13, 19 (D.C. Cir. 2015) (quoting *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994)). The officer's account of events need not be accepted if there

16

exists circumstantial or other evidence which "could convince a rational factfinder that the officer acted unreasonably." *See Hinson,* 927 F.3d at 1118 (citing *Flythe,* 791 F.3d at 19 (quoting *Henrich,* 39 F.3d at 915). Where circumstantial evidence supports a dispute of material fact, summary judgment is inappropriate. *Hinson,* 927 F.3d at 1118 (quoting *Henrich,* 39 F.3d at 915).

The Eleventh Circuit has made clear that the gratuitous use of force when a criminal suspect is restrained and/or not resisting arrest constitutes excessive force. *See Reese v. Herbert,* 527 F.3d at 1273. At the time of Plaintiff's arrest, Eleventh Circuit precedent gave clear notice to a reasonable officer that excessive force, used without justification, is unconstitutional. *See Reese,* 527 F.3d at 1274.

When considering the facts in the light most favorable to the Plaintiff, there remains a genuine issue of fact regarding whether he was in handcuffs at the time the taser was used. However, even if he was handcuffed Defendant did not use unreasonable force as Plaintiff was not actually subject to the electrical shock of a taser and the process of the arrest of Plaintiff was ongoing.

Plaintiff alleges he was not resisting and was in handcuffs when Fuste deployed the taser. Given the facts alleged, when viewed in the light most favorable to the Plaintiff, however, Defendant is entitled to judgment as a matter of law.

As established by the Supreme Court:

17

> The reasonableness of the use of force is evaluated under an objective inquiry that pays careful attention to the facts and circumstances of each particular case. And the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Excessive force claims ... are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred. That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim.

*Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546–47 (2017)(quotations and citations omitted).

Here Defendant, along with the other officers, had been engaged in the pursuit of Petitioner who was resisting arrest. As was found by a Florida judge, Petitioner's actions rose to the level of resisting arrest without violence.[3] Defendant warned Plaintiff that he would be tased prior to deploying his taser. However, the deployment of the taser was nearly simultaneous to the handcuffing and lawful arrest of Plaintiff.

Additionally, although the taser was used, it is undisputed that Plaintiff did not receive an electrical charge. [ECF No. 56 ¶ 24; ECF No. 75 ¶24]. While Plaintiff claims that he was injured by the taser probe puncture [ECF No. 71, Exh. F ¶¶32, 33], when taken to the hospital after the event, he denied he had any pain. [ECF No.

---

[3] Petitioner has admitted that the state court's finding was based on his actions after he ran rather than simply running. [ECF No. 59-1].

18

56, Exh.11, p. 7 & 8]. "As a general principle, a plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013); *Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019). Plaintiff's allegations that Defendant Fuste's use of force resulted in pain is simply contradicted by the record.

As a result, taking Plaintiff's allegations and his admissions as true, the force used was *de minimis*. Here, not only was the use of force *de minimis* but it was applied in the course of a lawful arrest. As a result, Plaintiff cannot establish a Fourth Amendment violation. *See Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000)*("the application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment"). Defendant is entitled to qualified immunity. The Motion for Summary Judgment should be granted.

### V. Conclusion

It is, therefore, recommended that:

1. Defendant's **MOTION TO DISMISS** [ECF No. 55] be **DENIED**;

2. Defendant's **MOTION FOR SUMMARY JUDGMENT** [ECF 59] be **GRANTED**.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 4th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Terrance McCray
190170877
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
PRO SE

Eric Lawrence Stettin
Weiss Serota Helfman Cole & Bierman PL
200 E. Broward Blvd.
Suite 1900
Fort Lauderdale, FL 33301
Email: estettin@wsh-law.com